# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 18-cr-91(1) (JNE/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Omid Souresrafil, | |
| Defendant. | |

This matter came before the Court on July 17, 2018, for an initial appearance and a hearing on the Motion of the United States to Revoke Release (ECF No. 29). (ECF Nos. 38, 39.) The defendant was present and represented by his attorney John J. Leunig. The United States was represented by Assistant United States Attorney Michelle E. Jones. Based on the evidence presented at the hearing and the arguments of counsel, the Court grants the government's motion to revoke release.

## Background

Defendant Omid Souresrafil is charged by Indictment with seven counts of wire fraud in violation of 18 U.S.C. § 1343. The defendant is alleged to have embezzled more than $1,000,000 from the victim company by various means, including conducting unauthorized transactions in the company's bank accounts. On April 20, 2018, the defendant appeared before this Court and was released subject to certain conditions. Among the conditions imposed, the Court ordered that the defendant "must not violate any federal, state, or local law while on release." (Order Setting Conditions of Release,

ECF No. 7 at 1.) The defendant was also ordered to "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution." (*Id*. at 2.)

In early June of 2018, the government received information from the victim company that several unauthorized cash withdrawals and debit purchases were made from its bank account. Based on this information, the government obtained various materials, including a list of all of the unauthorized transactions, bank records and surveillance video from the convenience stores at which some of the unauthorized transactions took place. According to the government, its investigation confirmed that the defendant violated the conditions of his release. The government then filed the instant motion pursuant to 18 U.S.C. § 3148 on July 10, 2018. In its motion, the government requested that the defendant be arrested and held pending the Court's decision on the motion. The Court issued an arrest warrant on July 11, 2018, and the defendant was taken into custody on July 12, 2018. On July 17, 2018, the defendant made an initial appearance and the Court held an evidentiary hearing on the government's motion.

## Discussion

A person who has been released pursuant to 18 U.S.C. § 3142, and who has violated a condition of his release, is subject to revocation of release and detention. 18 U.S.C. § 3148(a). The Court "shall enter an order of revocation and detention if, after a hearing, the judicial officer . . . finds . . . probable cause to believe that the person has committed a Federal, State, or local crime while on release" or "clear and convincing

2

evidence that the person has violated any other condition of releasee," and "there is no condition or combination of conditions of release that will assure the person will not flee or pose a danger to the safety of any other person or the community" or "the person is unlikely to abide by any condition or combination of conditions of release." *Id.* § 3148(b). Furthermore, if there is probable cause to believe that the defendant committed a Federal, State or local felony offense, "a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." *Id.*[1] In determining whether such conditions exist, the Court considers the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant;[2] and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release. *See id.* § 3142(g).

During the evidentiary hearing, the government presented clear and convincing evidence that the defendant violated his conditions of release, specifically, the condition

---

1 Danger to individuals and the community is not limited solely to the danger of physical violence, but includes "economic danger" as well. Economic danger has been recognized as a species of "danger to the safety of any other person" within the meaning of Chapter 207 of Title 18, 18 U.S.C. § 1341 *et seq.* The legislative history of the Bail Reform Act of 1984 makes clear that Congress intended that the "safety of any other person or the community" language in Section 3142 was expected to be given a broad construction. *See* Report of the Senate Committee on the Judiciary, S. Rep. No. 225, 98th Cong., 1st Sess. 12 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3195 ("The reference to safety of any other person is intended to cover the situation in which the safety of a particular identifiable individual, perhaps a victim or witness, is of concern, while the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence."); *see also United States v. Walker*, 13-mj-544 (TNL) (Order for Detention at 12-14 (cataloguing cases recognizing danger of economic harm), Sept. 6, 2013, ECF No. 13).

2 Considerations include the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A).

that prohibited him from having any contact with a victim or witness of the offense—here, the victim company. The evidence offered by the government shows that, between May 24, 2018 and June 4, 2018, the defendant used a debit card that was issued to him while he was employed by the victim company to make approximately 30 unauthorized cash withdrawals and debit purchases from the victim company's bank account totaling approximately $11,737.00. Because the defendant no longer works for the victim company, he has no authority to conduct financial transactions using the victim company's bank account. The government introduced screenshots made from surveillance video, video which bears time stamps shortly before and shortly after the transactions in question, which clearly show that it was the defendant who conducted multiple unauthorized cash withdrawals from ATM terminals in certain Holiday stores located in close proximity to his residence.

The evidence adduced by the government also provides at least probable cause to believe that the defendant has committed a federal, state, or local crime while on release, specifically, multiple theft crimes from the same alleged victim company identified in the Indictment.

The defendant argued that the Court could impose additional restrictions and subject him to additional conditions that would reasonably assure his appearance and the safety of any other person or the community, such as placing him in the custody of a family member, daily reporting to pretrial services, and complying with a curfew. *See* 18 U.S.C. § 3142(c)(B).

The Court concludes that defendant has failed to rebut the presumption that no condition or combination of conditions will assure that the defendant will not pose a danger to the safety of any other person, specifically the victim company, or the community. *See* 18 U.S.C. § 3148(b). The Court further finds that there are no conditions or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of another person or the community.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Motion of the United States to Revoke Release (ECF No. 29) is **GRANTED**.

2. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. Defendant shall be afforded reasonable opportunity to consult privately with his lawyer.

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the defendant is confined shall deliver to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Date: July     20    , 2018          *s/ Tony N. Leung*
                                     Tony N. Leung
                                     United States Magistrate Judge
                                     District of Minnesota